IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-01353-PSF-OES

NICHOLS & COMITO, LLC, a Colorado Limited Liability Company,

　　Plaintiff,

v.

SIMPLEXGRINNELL LP, a Delaware Limited Partnership,

　　Defendants.

## ORDER OF REMAND

This matter comes before the Court, *sua sponte,* following the filing of a Notice of Removal by Defendant SimplexGrinnel, LP on July 19, 2005.

**BACKGROUND**

On or about April 21, 2005, Plaintiff Nichols & Comito, LLC filed its complaint in the El Paso County District Court alleging three claims for relief against Defendant SimplexGrinnell, LP ("Simplex"), relating to the installation by defendant of a sprinkler system ("System") at a home being constructed by plaintiff for its customer, Faith Kerss. Alleging that the System was defective, plaintiff sued for breach of contract, common law indemnification for damages paid by plaintiff to Kerss to reimburse for sprinkler-related damage, and for contribution of defendant's *pro rata* share of any damages paid by plaintiff as a result of the services performed on the project by defendant.

The complaint does not seek a specific amount of damages, pleading only for judgment on each claim in "an amount to be proven a trial." Complaint at 3-4. The Complaint does allege that "[i]n January 2004, another leak occurred in the System which caused over $12,000.00 in property damage to Kerss for which N&C [plaintiff] paid Kerss." Complaint at ¶ 10.

On May 16, 2005, defendant file its answer to the complaint. On June 15, 2005, the case was set for a trial to the El Paso County District Court to commence on May 23, 2006.

On July 19, 2005, defendant filed the notice of removal to this Court. Acknowledging that 28 U.S.C. § 1446(b) ordinarily requires removal of a case within 30 days after service of the initial pleading, defendant recites in its notice of removal that it first learned the case was removable when it received a letter dated June 20, 2005 (Exhibit A to Notice of Removal) which, according to defendant, "increased" plaintiff's claim to $90,587.53. Defendant asserts that when it was served on April 25, 2005, "the complaint alleged damages in the amount of Twelve Thousand ($12,000.00) Dollars, and thus the case was not initially removable."

Title 28 U.S.C. § 1446(b) permits removal by a defendant within 30 days of the receipt of an amended pleading, motion, order or other paper "from which it may first be ascertained that the case is one which is or has become removable." The question presented here is whether the letter of June 20, 2005 was the first time the case could be ascertained as being removable. If not, then the removal notice may well be untimely, coming well after 30 days from the service of the initial pleading. As the Tenth

Circuit stated in *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied* 516 U.S. 863 (1995), subject matter jurisdiction cannot be conferred or waived by consent, estoppel or failure to challenge jurisdiction early in the proceedings.  Even if the parties fail to raise the question of the existence of jurisdiction, the federal court itself has the duty to raise and resolve the matter.

**ANALYSIS**

The Court has serious doubt that the first occasion upon which defendant could have and should have ascertained that this case was removable was when it received the letter dated June 20, 2005.

Contrary to what defendant recites in its notice of removal, the complaint does not state the damages were alleged as being $12,000.  Rather, the paragraph of the complaint cited by defendant actually states, as quoted above, that a particular leak in January 2004, caused "over $12,000" in property damage.  Moreover, it is apparent from the complaint itself that the plaintiff is not seeking damages solely for the monies it paid to Kerss, but also seeking damages for the allegedly defective system, "including property damage" (Complaint at ¶ 17), as well as amounts paid to "remove and replace the System as well as all amounts incurred attendant thereto, including, but not limited to, drywall repair and painting." (Complaint at ¶ 21).  As noted, each of the three claims for relief concludes with a "Wherefore" paragraph seeking separately damages related to that particular claim.  There is no reason to think that the dollar amount paid by plaintiff to its customer appearing in paragraph 10 of the complaint is the only measure of damages sought by this complaint.  The misstatement of what is pled in paragraph

10 of the complaint is at best a careless reading of the complaint, and at worst an intentional effort to minimize defendant's and its counsel's awareness of the totality of damages asserted within the averments of the complaint so as to justify an untimely removal.

In like circumstances, removal has not been permitted.  In *Sanborn Plastics Corp. v. St. Paul Fire and Marine Ins. Co.*, 753 F. Supp. 660 (N.D. Ohio 1990), for example, the defendant insurer removed a declaratory judgment case from state to federal court some five and one-half months after the filing of the pleading, asserting that it had first realized that the amount in controversy was met when, as in the instant case, it received a settlement proposal in excess of the then effective $50,000 amount in controversy threshold.  753 F. Supp. at 662.  The district court found the removal untimely, and ordered remand to the state court.  The complaint there, like the complaint in the instant case, did not state a specific amount in controversy but did reference the complaint in an underlying CERCLA action against the plaintiff.  The district court found that a reasonably qualified attorney would or should have known to consider the underlying action when assessing the amount in controversy of the declaratory judgment action.  753 F. Supp. at 663.  Had the "reasonably qualified attorney" done so, concluded the court, he would or should have deduced from the pleadings that the potential amount in controversy in the declaratory judgment action was in excess of $50,000 and filed a petition for removal within the 30-day discovery period.  *Id.* at 664.  Hence, the Court ruled, defendant's petition for removal was untimely as it was filed after the thirty day discovery period had run.  *Id.*

Similarly in *McCraw v. Lyons*, 863 F. Supp. 430 (W.D. Ky. 1994), the court directed remand after removal of an assault and battery a case, originally filed in state court, in which the plaintiff alleged unspecified compensatory and punitive damages. Over two months after the case was filed, when defendant received interrogatory answers indicating plaintiff was requesting $75,000 as compensatory and $100,000 as punitive damages, he filed a removal petition within thirty days thereafter. The district court found the removal untimely under 28 U.S.C. § 1446(b). Fashioning a somewhat different test from the "reasonably qualified attorney" formula used in *Sanborn, supra*, the court here held that "even where the amount of damages is not specified, if the defendant is able to ascertain from a fair reading of the complaint or other papers filed that the minimum jurisdictional amount exists, he cannot 'sit idly by' while the statutory period runs." 863 F. Supp. at 434. The court found that the nature of the claim alleged in the complaint and the relief demanded "should have alerted Defendant that Plaintiff was seeking an amount in excess of the $50,000 required to attain federal court jurisdiction." *Id.*

For the reasons set forth above, this Court finds that Defendant Simplex could have and should have determined that the amount in controversy reflected on the face of the complaint was not the flat $12,000 amount as asserted in its notice of removal, but rather substantially more given the several claims alleged in the complaint.

To be sure, there are decisions that may well demand less alacrity from removing defendants. For example, in *Honeycutt v. Dillard's Inc.,* 989 F. Supp. 1375 (D. Kan. 1997), the court found a removal notice timely although filed more than two

months after service of the complaint, where the defendant asserted it did not know plaintiff's damages until it received a statement of damages totaling $582,000 pursuant to a local state court rule. 989 F. Supp. at 1376. The Court found that it was not facially apparent from the complaint that plaintiff was seeking in excess of $75,000, but the defendant's counsel "timely and prudently" requested a statement of plaintiff's damages. *Id.* at 1377. However, it appears that the complaint in that case specified that plaintiff was seeking an amount "in excess of $15,000," which might have lead counsel to believe the amount of damages were in that range. Moreover, there are no facts set forth in that decision regarding the nature of plaintiff's claim or the contents of the allegations in the complaint that would enable this Court to determine whether defendant's counsel in that case could or should have known the amount of damages sought was well in excess of the $15,000 amount. Accordingly, this Court declines to follow the result reached in that case.

The Court is also aware that the plaintiff filed a civil cover sheet with the Clerk of the El Paso County District Court in which it stated that it was not seeking a monetary judgment in excess of $100,000 (Exhibit C to Notice of Removal), but such a filing leaves ample room for the damages to still exceed the $75,000 requisite amount in controversy for removal.

Finally, this Court is ultimately persuaded by the Tenth Circuit's careful jurisprudence on the limited jurisdiction of the federal courts. As stated recently in *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005):

> It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001). Thus, if there is ambiguity as to whether the instant statute confers federal jurisdiction over this case, we are compelled to adopt a reasonable, narrow construction.

Because federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp., supra*, 50 F.3d at 873. Federal removal jurisdiction is statutory in nature and is to be strictly construed. All doubts are to be resolved against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

In *McCraw, supra*, the district court analyzed the reasons underlying strict construction of the time limitation contained in 28 U.S.C. § 1446(b), pointing out that among the purposes served by the 30-day time limit are that it precludes a defendant from adopting a "wait and see" approach in the state court and prevents a "second bite at the jurisdictional apple" if a defendant perceives a the case is proceeding other than to his liking. Second, the time limit minimizes the delay and waste of resources involving starting a case over in federal court. 863 F. Supp. at 434.

While the Court here does not have any evidence that defendant here was motivated to remove this case because of displeasure with the state court proceedings, nor does there appear to have been substantial proceedings in state court that will be "wasted," the Court does note that a trial date in May 2006 was promptly set by the

state court on June 15, 2005, and the notice of removal was filed afterwards.  It also appears that at least informal discovery was proceeding based on the statements contained in the June 20, 2005 letter from plaintiff's counsel.

Given the considerations set forth above, and making an adverse inference against defendant's position due to the inaccuracy or misstatement in its Notice of Removal, the Court finds that defendant's Notice of Removal was untimely.  Pursuant to the provisions of 28 U.S.C. § 1446(c)(4), this Court ORDERS that this case must be and hereby is REMANDED to the El Paso County District Court.

DATED:  July 27, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge